NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| JOSEPH STECHLER, GAIL STECHLER | ) | |
| and STECHLER & CO., INC., f/k/a | ) | Hon. Harold A. Ackerman |
| JOSEPH STECHLER & CO., INC., | ) | |
|  | ) | |
| Plaintiffs, | ) | Civil Action No. 05-3485 (HAA) |
|  | ) | |
| v. | ) | **OPINION AND ORDER** |
|  | ) | **ADOPTING MAGISTRATE** |
| SIDLEY AUSTIN BROWN & WOOD, LLP, | ) | **JUDGE'S REPORT AND** |
| et al., | ) | **RECOMMENDATION** |
|  | ) | |
| Defendants. | ) | |

_____

Dana M. Susman, Esq.
S. Reid Kahn, Esq.
KANE KESSLER, P.C.
433 Hackensack Avenue
Hackensack, New Jersey 07601
*Attorneys for Plaintiffs*

Kevin J. O'Connor, Esq.
LUM, DANZIS, DRASCO & POSITAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068-1049
*Attorneys for Defendant Sidley Austin Brown & Wood, LLP*

**ACKERMAN, Senior District Judge:**

This matter comes before the Court on the motion to remand filed by Plaintiffs Joseph

Stechler, Gail Stechler, and Stechler & Co., Inc. ("Plaintiffs").  The Court referred this motion to

Magistrate Judge Mark Falk, who entered a written Report and Recommendation ("R&R") on

December 14, 2005.  Magistrate Judge Falk recommended that Plaintiffs' motion be granted and

1

that this case be remanded to the Superior Court of New Jersey.  The docket indicates that both Plaintiffs and Defendants have been served with the R&R, and that no objections to the R&R have been filed within the 10-day period established by Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.1(c)(2).

A court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."  L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  While this Court need not review a Magistrate Judge's report before adopting it when no objections have been filed, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Third Circuit has held that "the better practice is to afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).  "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Id.* at 878.

This Court has carefully reviewed Magistrate Judge Falk's R&R.  As Magistrate Judge Falk observed, Plaintiffs do not expressly plead any federal claims in their Complaint, and federal jurisdiction over this matter therefore depends on whether Plaintiffs' right to relief "necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983); *see also* R&R at 7.  Defendant Sidley Austin Brown & Wood LLP, which removed this case from New Jersey Superior Court to this Court, argued in opposition to Plaintiffs' remand motion that Plaintiffs' claims require interpretation and construction of federal tax law and specifically determination of whether the

2

tax shelter at issue violates federal tax law.

This Court agrees with Magistrate Judge Falk's interpretation and application of the relevant standard as recently refined by the United States Supreme Court in *Grable & Sons Metal Prods., Inc. v. Darue Engineering & Manufacturing*, __ U.S. __ , 125 S.Ct. 2363 (2005).  As noted, Plaintiffs do not expressly plead any federal claims, and their Complaint contains numerous allegations which do not implicate federal law even tangentially.  This Court concurs with Magistrate Judge Falk that "the primary issue [in this case] is not the meaning of federal tax law, but whether the representations made and advice given to the plaintiffs was fraudulent and/or negligent."  R&R at 10.  As Magistrate Judge Falk correctly concluded, "the proper interpretation of federal tax law is at most a relatively minor issue, not an actually disputed and substantial one."  *Id.* at 10-11.  Exercise of federal jurisdiction here would also be inconsistent with the "congressionally approved balance of federal and state judicial responsibilities." *Grable*, 125 S. Ct. at 2368.  As Magistrate Judge Falk made clear, allowing jurisdiction here would open the federal courts to a legion of garden-variety state-law malpractice and other claims which allege, among other things, a fraudulent or unreasonable interpretation of federal law.  R&R at 11-12.  After a thorough review of the record and the R&R, the Court agrees with Magistrate Judge Falk's reasoning and conclusions.

It is therefore hereby ORDERED that Magistrate Judge Falk's December 14, 2005 Report and Recommendation is ADOPTED and Plaintiffs' motion to remand is GRANTED.  It is hereby further ORDERED that this case is REMANDED to the Superior Court of New Jersey.

Newark, New Jersey
Dated: January 13, 2006                          /s Harold A. Ackerman
                                                 U.S.D.J.